IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSEPH SMITH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| HONEYWELL INTERNATIONAL, INC. | § | |
| | § | JURY TRIAL REQUESTED |
| *Defendant.* | § | |
| | § | |

# **P**LAINTIFF'S **O**RIGINAL **C**OMPLAINT

Plaintiff, Joseph D. Smith ("Smith" or "Plaintiff"), files this Original Complaint and would show the Court the following:

## **P**ARTIES

1. Plaintiff Smith is an individual, who resides in the Eastern District of Texas at 15211 County Rd. 4255 South, Henderson, Texas 75654-6148.  All pleadings may be served on Smith through his attorney-in-charge, David K. Anderson, Anderson & Cunningham, P.C., Four Houston Center, 1221 Lamar, Suite 1115, Houston, Texas 77010.

2. Defendant Honeywell International, Inc. ("Honeywell"), is a Delaware corporation with a principal place of business at 101 Columbia Road, Morristown, New Jersey 07962.  Honeywell may be served with process through its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367 because this is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq.*

4. The Court has specific and general personal jurisdiction over Honeywell, pursuant to due process and the Texas Long Arm Statute, because Honeywell is present within or has minimum contacts within the State of Texas and the Eastern District of Texas; Honeywell has purposefully availed itself of the privileges of conducting business in the State of Texas and the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts and/or solicits business and engages in other persistent courses of conduct within the State of Texas and within the Eastern District of Texas; Honeywell has derived substantial revenues from its business activities, including its infringing acts, occurring within the State of Texas and the Eastern District of Texas; and Plaintiff's causes of action arise directly from Honeywell's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

5. More specifically, Honeywell, directly and/or through authorized intermediaries, ships, distributes, offers for sale, sells, markets, and/or advertises products and services in the United States, the State of Texas, and the Eastern District of Texas, including but not limited to the accused instrumentalities as detailed below. Honeywell solicits customers in the State of Texas and in the Eastern District of Texas.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). Honeywell has transacted business in this judicial district, and has directly and indirectly committed and/or induced acts of patent infringement in this district. Additionally, the

Plaintiff Smith is an inventor, and patent owner of the patent in suit, and he resides in the Eastern District of Texas. The inventors developed and invented the patented subject matter at least in part in the Eastern District of Texas, and Smith commercialized the patented subject matter in the Eastern District of Texas.

### PATENT IN SUIT

7. On August 26, 2003, United States Patent No. 6,611,686, entitled "Tracking Control and Logistics System and Method" ("the '686 Patent"), was issued by the United States Patent and Trademark Office. Smith is an inventor of the '686 Patent. A true and correct copy of the '686 Patent is attached as Exhibit A and incorporated herein by reference.

8. On May 27, 2008, a third party requested an *Ex Parte* Reexamination of the '686 Patent, and the reexamination proceeding was assigned Control No. 90/009,121 ("the '121 proceeding"). On September 3, 2009, a third party requested a second *Ex Parte* Reexamination of the '686 Patent, and the reexamination proceeding was assigned Control No. 90/010,601 ("the '601 proceeding"). The United States Patent and Trademark Office merged the '121 proceeding and the '601 proceeding on May 25, 2010. Following reexamination of the '686 Patent, the United States Patent and Trademark Office issued an *Ex Parte* Reexamination Certificate, Number US 6,611,686 C1. A true and correct copy of the Reexamination Certificate is attached as Exhibit B and incorporated herein by reference. (United States Patent No. 6,611,686, together with the *Ex Parte* Reexamination Certificate, Number US 6,611,686 C1, shall hereinafter be referred to as the '686 Patent"). The issue claims from the reexamination of the '686 Patent are valid, enforceable, and in force.

9. Smith is the lawful owner, holder, and assignee of all rights, title and interest in the '686 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '686 Patent. Accordingly, Smith possesses the exclusive right and standing to prosecute the present action for Honeywell's infringement of the '686 Patent.

### COUNT I: PATENT INFRINGEMENT

10. Smith refers to and incorporates herein the allegations of Paragraphs 1 through 9 above.

11. Honeywell directly or through intermediaries distributes, provides, supplies, offers for sale, sells, markets, advertises, and otherwise provides asset monitoring and fleet management products and systems that infringe one or more claims of the '686 Patent. Honeywell is a provider of real-time wireless asset tracking and monitoring products and systems that are used to track, monitor, control, and communicate with assets, fleets, vessels, cargo, and cargo containers around the world. Using global positioning technology, Honeywell customers can track, monitor, control, and/or communicate with, such assets via the Internet and determine the assets' locations and status. Such data is visible and available to Honeywell's customers through the Honeywell web-based ViewPoint tracking and mapping application portal.

12. Honeywell's ViewPoint web-based application is a two-way data transmission system in which various types of information can be sent from and/or received by Honeywell communication units or satellite terminals, which are placed or installed on the customer's assets and which collect and transmit various data. Such communication units include, but are not

limited to, Honeywell's SAT-202, SAT-202-LIT, SAT-401, Cargo Trak Globe DS, Cargo Trak Pro, PDT-300i, SAT 101, SAT 201, TAM-242, TAM-252, TAM 262, TAM262T, and Ocean Alert MKIII.

13.    Honeywell has directly infringed, and is directly infringing, one or more claims of the '686 Patent in this judicial district, in the State of Texas, and elsewhere in the United States. Honeywell has infringed, and is infringing, either literally or under the doctrine of equivalents, without the consent or authorization of Smith, by making, using, offering for sale, and/or selling the accused instrumentalities.  Honeywell has engaged in these activities within this judicial district, the State of Texas, and elsewhere in the United States, without the consent of Smith.

14.    Honeywell also infringes under 35 U.S.C. § 271 (b) and (c) by inducing and/or contributing to infringement of the '686 Patent in this judicial district, the State of Texas, and elsewhere in the United States, literally or under the doctrine of equivalents, by, among other things, performing certain steps of the methods and systems claim by the '686 Patent, and advising, encouraging, contributing, or otherwise inducing others to perform the remaining steps claimed by the '686 Patent to the injury of Smith. Honeywell has had knowledge of the '686 Patent, and by continuing the actions described above, has had specific intent to induce infringement of the '686 Patent pursuant to 35 U.S.C. § 271(b).

15.    Honeywell is willfully and intentionally infringing the '686 Patent.

16.    Honeywell's activities have been without authority and/or license from Smith.

17.    Smith is entitled to recover from Honeywell the damages sustained by Smith as a result of Honeywell's wrongful, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.   Smith requests compensation for Honeywell's past infringement and for any future infringement.

18. Honeywell's unlawful infringement of the '686 Patent has caused immediate and irreparable injury, and unless it is enjoined, its continued infringement will cause Smith injury for which there is no adequate remedy at law.

## JURY TRIAL

19. Pursuant to Fed. R. Civ. P. 38 and 39, Smith hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff Joseph Smith prays that the Court grant the following relief against Honeywell, Inc.:

A. Judgment in favor of Plaintiff Joseph Smith and against Honeywell International, Inc.;

B. Preliminary and permanent injunctions, enjoining Honeywell International, Inc., and those in privity with or acting in concert with it from further infringement of the '686 Patent during the remainder of the term for which the patent has been granted;

C. Damages against Honeywell International, Inc., adequate to compensate Joseph Smith for such acts of infringement;

D. Reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

E. Award of Interest and costs; and

F. Such other and further relief as is just and proper.

                                              Respectfully submitted

                                              ANDERSON & CUNNINGHAM, P.C.

                                              /s/ *David K. Anderson*
                                              _____
                                              David K. Anderson
                                              david@andersonlawfirm.com
                                              SBT No. 01174100
                                              Four Houston Center
                                              1221 Lamar, Suite 1115
                                              Houston, Texas 77010
                                              Telephone: 713-655-8400
                                              Telephone (Direct): 713-655-7665
                                              FAX: 713-655-0260
                                              ATTORNEY-IN-CHARGE FOR
                                              PLAINTIFF JOSEPH SMITH

OF COUNSEL:

ANDERSON & CUNNINGHAM, P.C.

Julie B. Cunningham
julie@andersonlawfirm.com
SBT No. 05240700
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone: 713-655-8400
FAX: 713-655-0260